UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PARAMOUNT DISASTER RECOVERY, INC., | § § § | |
| Plaintiff, | § | |
| vs. | § § | CIVIL ACTION NO. 4:10-cv-03385 |
| AXIS SURPLUS INSURANCE COMPANY, | § § § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

## I.      INTRODUCTION

Pending before the Court is the defendant's, Axis Surplus Insurance Company ("Axis") motion for summary judgment (Dkt No. 10).  The plaintiff, Paramount Disaster Recovery, Inc. ("Paramount"), has failed to file a response in opposition to Axis's motion for summary judgment and its time for doing so has elapsed.  After having carefully evaluated the motion, the record, the undisputed facts and the applicable law, the Court determines that Axis's motion for summary judgment should be GRANTED.

## II.      FACTUAL BACKGROUND

This civil action concerns alleged property damage following Hurricane Ike.  On or about February 16, 2008, Axis issued a commercial property and casualty insurance policy, policy no. EAF737417-08, to KM Management Realty Corporation as an insured and various other associated entities as additional named insureds ("KM Management") for the effective period from February 16, 2008 through February 16, 2009.  The policy provided KM Management with coverage for certain designated properties on which retail shopping centers were located.

The policy was in effect at the time Hurricane Ike traveled through Harris County, Texas, causing severe damage to several commercial and residential properties throughout the Gulf-Coast region, including the properties maintained by KM Management. Shortly after the hurricane, KM Management contracted with Paramount to perform remediation work in an effort to protect the properties from additional damage. Thereafter, KM Management filed a claim against the policy for hurricane-related damages. KM Management subsequently attempted to assign all insurance proceeds payable to it under the policy to Paramount.

On or about August 5, 2010, Paramount, in its capacity as KM Management's assignee, filed an Original Petition against Axis in the 189th Judicial District Court of Harris County, Texas alleging claims for breach of contract and violation of the prompt payment provisions of the Texas Insurance Code. (*See* Dkt. No. 1, Exs. B-1, B-2). On August 13, 2010, Paramount filed its First Amended Petition to incorporate the correct address for Axis's home office. On August 23, 2010, Paramount served Axis with a copy of its First Amended Petition through the Texas Secretary of State. On September 21, 2010, Axis timely removed the state court action to this Court.

Axis now moves for summary judgment on all of Paramount's claims.

## III.  STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure authorizes summary judgment against a party who fails to make a sufficient showing of the existence of an element essential to the party's case and on which that party bears the burden at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant bears the initial burden of "informing the Court of the basis of its motion" and identifying those portions of the record "which it believes demonstrate the absence of a genuine

issue of material fact." *Celotex*, 477 U.S. at 323; *see also Martinez v. Schlumber, Ltd.*, 338 F.3d 407, 411 (5th Cir. 2003).  Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).

If the movant meets its burden, the burden then shifts to the nonmovant to "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996) (citing *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995); *Little*, 37 F.3d at 1075). "To meet this burden, the nonmovant must 'identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claim[s].'" *Stults*, 76 F.3d at 656 (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871, 115 S. Ct. 195, 130 L. Ed.2d 127 (1994)).  It may not satisfy its burden "with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little*, 37 F.3d at 1075 (internal quotation marks and citations omitted). Instead, it "must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Intern.*, 343 F.3d 401, 405 (5th Cir. 2003) (citing *Morris v. Covan World Wide Moving, Inc.,* 144 F.3d 377, 380 (5th Cir. 1998)).

"A fact is material only if its resolution would affect the outcome of the action, . . . and an issue is genuine only 'if the evidence is sufficient for a reasonable jury to return a verdict for the [nonmovant].'" *Wiley v. State Farm Fire and Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009) (internal citations omitted).  When determining whether a genuine issue of material fact has been established, a reviewing court is required to construe "all facts and inferences . . . in the light

most favorable to the [nonmovant]." *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005) (citing *Armstrong v. Am. Home Shield Corp.*, 333 F.3d 566, 568 (5th Cir. 2003)). Likewise, all "factual controversies [are to be resolved] in favor of the [nonmovant], but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Boudreaux*, 402 F.3d at 540 (citing *Little*, 37 F.3d at 1075 (emphasis omitted)). Nonetheless, a reviewing court is not permitted to "weigh the evidence or evaluate the credibility of witnesses." *Boudreaux*, 402 F.3d at 540 (quoting *Morris*, 144 F.3d at 380). Thus, "[t]he appropriate inquiry [on summary judgment] is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Septimus v. Univ. of Hous.*, 399 F.3d 601, 609 (5th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 – 52, (1986)).

Paramount has not filed a response to Axis's motion for summary judgment. According to this Court's local rules, responses to motions are due within twenty-one days unless the time is extended. S.D. Tex. L.R. 7.3. A failure to respond is "taken as a representation of no opposition." S.D. Tex. L.R. 7.4. Notwithstanding Paramount's failure to file a response, summary judgment may not be awarded by default. *See Hibernia Nat'l Bank v. Admin. Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985). "A motion for summary judgment cannot be granted simply because there is no opposition, even if failure to oppose violated a local rule." *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 n.3 (5th Cir. 1995) (citing *Hibernia Nat'l Bank*, 776 F.2d at 1279). To this end, Axis, as "[t]he movant[,] has the burden of establishing the absence of a genuine issue of material fact and, unless [it] has done so, the court may not grant the motion, regardless of whether any response was filed." *See Hetzel*, 50 F.3d at 362 n.3. Nevertheless, in determining whether summary judgment is appropriate, a district court

may accept as undisputed the facts set forth in the motion.  *See Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988) (internal citations omitted).

## IV.   ANALYSIS AND DISCUSSION

As a threshold matter, Axis contends that absent its consent, the anti-assignment clause contained in the policy bars any alleged assignment of KM Management's rights to Paramount and therefore, it is entitled to judgment as a matter of law on Paramount's claims against it. Under Texas law, which governs this diversity suit, the same general rules that govern the interpretation of contracts govern the interpretation of insurance policies, and a policy must be interpreted to effectuate the intent of the parties at the time the policy was formed. *See Performance Autoplex II Ltd. v. Mid-Continent Cas. Co.,* 322 F.3d 847, 853 (5th Cir. 2003); *Progressive Cnty. Mut. Ins. Co. v. Sink*, 107 S.W.3d 547, 551 (Tex. 2003).  To this end, terms within an insurance contract are given "their plain, ordinary, and generally accepted meaning unless the contract itself shows that particular definitions are used to replace that meaning." *Bituminous Cas. Corp. v. Maxey*, 110 S.W.3d 203, 208 - 09 (Tex. App.-Houston [1st Dist.] 2003, pet. denied) (internal citation omitted).  When, as here, an insurance contract is worded such that it "can be given a definite or certain legal meaning," then it is unambiguous and must be enforced as written.  *See Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. CBI Indus.,* 907 S.W.2d 517, 520 (Tex. 1995).

The applicable provision at issue in this case provides, in relevant part, as follows:

### F.   Transfer Of Your Rights And Duties Under This Policy

Your rights and duties may not be transferred without our written consent except in the case of death of an individual insured. . . .

(Dkt. No. 10, Ex. 8 at Axis 00091.).  Because the terms of the aforementioned provision are unambiguous and no party has argued otherwise, the provision will be given its plain, ordinary

and generally accepted meaning and will be enforced as written-- precluding the assignment of any rights and duties under the policy without Axis's consent.

The Court must now determine whether such an anti-assignment clause is enforceable under Texas law.  A review of applicable case law indicates that Texas courts have consistently enforced anti-assignment clauses in insurance policies.  *See Keller Founds., Inc. v. Wausau Underwriters Ins. Co.,* 626 F.3d 871, 875 – 76 (5th Cir. 2010); *Conoco, Inc. v. Republic Ins. Co*., 819 F.2d 120, 123 - 24 (5th Cir. 1987) (citing *Dallas Cnty. Hosp. Dist. v. Pioneer Cas. Co.*, 402 S.W.2d 287, 288 (Tex. Civ. App. – Fort Worth 1966, writ ref'd n.r.e.).  In fact, the Fifth Circuit has specifically held that non-assignment clauses are enforceable in Texas even for post-loss assignments and without requiring the insurer to establish prejudice.  *See Keller,* 626 F.3d at 875 – 76.  Moreover, "Texas courts [generally] uphold anti-assignment provisions so long as they do not interfere with the operation of a statute." *Choi v. Century Surety Co.*, No. H-10-528, 2010 WL 3825405, *4 (S.D. Tex. Sept. 27, 2010) (citing *Tex. Dev. Co. v. Exxon Mobil Corp.,* 119 S.W.3d 875, 880 (Tex. App.-Eastland 2003, no pet.) (citing *Reef v. Mills Novelty Co.*, 126 Tex. 380, 89 S.W.2d 210, 211 (Tex.1936))).

In the case *sub judice*, the anti-assignment clause contained in the policy precludes the assignment of KM Management's rights to Paramount absent Axis's written consent.  Indeed, it is undisputed that Axis never consented to any alleged assignment from KM Management to Paramount.  In fact, Paramount, by its own admissions, concedes that Axis did not consent to any assignment of rights or proceeds by KM Management to it.  (*See* Dkt. No. 10, Ex. 4.)  It further acknowledges, by way of its counsel, that anti-assignment clauses, such as the one contained in the policy at issue, are enforceable in Texas.  (*Id.*, Ex. 2).  Accordingly, because the anti-assignment provision is valid and KM Management's attempted assignment of its interest in the

policy is invalid in the absence of Axis's consent, Axis is entitled to judgment as a matter of law on Paramount's claims.

**V.      CONCLUSION**

Based on the foregoing analysis and discussion, the anti-assignment clause contained in Axis's policy precludes Paramount's claims against it. Thus, Axis's motion for summary judgment is **GRANTED**.

It is so ORDERED.

SIGNED at Houston, Texas this 31st day of August, 2011.

_____
Kenneth M. Hoyt
United States District Judge